UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA CARTER,

                Plaintiff,

vs.                                             Case No.  3:12-cv-610-J-99TJC-MCR

AT&T CORP., et al.,

                Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff''s Motion for Extension of Time *Nun Pro Tunc* to Serve Complaint (Doc. 6) filed October 15, 2012.  On October 22, 2012, Defendant filed its Response in Opposition to Plaintiff''s Motion (Doc. 8).  Accordingly, this matter is now ripe for judicial review.

**I.    BACKGROUND**

On May 22, 2012, Plaintiff filed a Complaint for relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA") against Defendants, AT&T Corp. and AT&T Umbrella Plan No. 1.  (Doc. 1).  Pursuant to Rule 4(c)(1) and 4(m), Fed. R. Civ. P., Plaintiff had 120 days, or until September 19, 2012, to serve process on Defendants.

On September 21, 2012, two days after the service deadline, Defendant AT&T Corp. was served.[1]  On October 12, 2012, Defendant AT&T Corp. filed a Motion to

---

[1]    Defendant AT&T Umbrella Plan No. 1 has not been served as of the date of the
(continued...)

Dismiss Plaintiff's Complaint for failure to timely effect service. (Doc. 5). On October 15, 2012, Plaintiff filed the instant Motion for Extension of Time *Nunc Pro Tunc* to serve the Complaint. (Doc. 6). In response, Defendant contends that Plaintiff's Motion fails to demonstrate the good cause required by Rule 4(m), Fed. R. Civ. P., and should be denied. (Doc. 8).

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a plaintiff is unable to effect service within the required 120 day time period after the complaint is filed, the plaintiff has the burden of showing good cause for the failure to timely serve the defendant. See Moore v. Bayer Corp., 2012 WL 3323689 at *1 (11th Cir. August 14, 2012) (district court did not abuse its discretion by denying an extension of time to serve corporate defendant because plaintiffs did not establish good cause for their failure to perfect service for more than a year after the action was filed). Good cause requires identification of an outside factor preventing service, reliance on faulty advice, or evasion of service. Id. However, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service

---

[1](...continued)
instant Motion.

of process under Rule 4(m)." Horenkamp v. Van Winkle & Co. Horenkamp, 402 F.3d 1129, 1133 (11th Cir. 2005); see also Henderson v. United States, 517 U.S. 654, 663, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (recognizing courts have been accorded the discretion to enlarge the 120-day period even in the absence of showing good cause).

According to the instant Motion, Plaintiff has a related case against Defendant pending before the Florida Division of Administrative Hearings.  Plaintiff's counsel asserts that he did not immediately serve Defendant because he was waiting to determine whether there was any basis to settle both claims.  However, Plaintiff's counsel did email Defendant's counsel with a copy of the Complaint filed in this action.

Although the aforementioned email does not constitute proper service, service was conducted within 2 days of the deadline and the email certainly put Defendant on notice of the instant action.  Thus, the Court can see no prejudice caused by Plaintiff's 2 day delay in service.  It seems that Defendant AT&T Umbrella Plan No. has not yet been served due to problems with effectuating service in the City of Sugar Land, Fort Bend County, Texas, where AT&T Umbrella Plan No. 1 is located.[2]

In light of the foregoing, the Court is inclined to grant Plaintiff"'s Motion for Extension of Time *Nun Pro Tunc* to Serve Complaint (Doc. 6).  However, Plaintiff's counsel is admonished that he is to proceed with due haste to ensure sufficient, proper

---

[2] Specifically, Plaintiff did not find out until after the deadline had expired that all service of process in Fort Bend County could only be performed by a local constable.  In addition, service was further delayed because the Fort Bend County constable would only accept delivery of the Summons and Complaint and the $65.00 service fee by regular U.S. Mail.

service of process is, or has been, made upon all named Defendants by the deadline set below.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff''s Motion for Extension of Time *Nun Pro Tunc* to Serve Complaint (Doc. 6) is **GRANTED.** Plaintiff shall have through **Friday, November 23, 2012** to effectuate proper service of process upon all defendants.

2. Defendant's Motion to Dismiss (Doc. 5) is **DEEMED MOOT,** in light of the above ruling.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 13th day of November, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record